Kevin NICHOLSON, Plaintiff,

v.

"John DOE", name unknown, a police officer of the Town of Bethlehem Police Department or City of Albany Police Department, Town of Bethlehem Police Department, Town of Bethlehem, City of Albany Police Department and City of Albany, Defendants.

No. 97–CV–1498.

United States District Court,
N.D. New York.

March 31, 1999.

Office of Eugene R. Spada, Albany NY, Eugene R. Spada, of counsel, for plaintiff.

Brennan, Rehfuss Law Firm, Albany NY, John W. Liguori, of counsel, for defendant City of Albany.

### MEMORANDUM—DECISION & ORDER

McAVOY, Chief Judge.

Plaintiff commenced the instant litigation against defendants pursuant to 42 U.S.C. § 1983 asserting claims for violations of his Fifth and Fourteenth Amendment rights and

a state law claim for assault. Defendant City of Albany ("defendant") now moves pursuant to FED.R.CIV.P. 56 seeking dismissal of the Complaint in its entirety.

## I. BACKGROUND[1]

The United States Drug Enforcement Agency ("DEA") obtained approval to wiretap the telephone lines of Joseph Allegra ("Allegra") at 139B Fairlawn Drive, Selkirk, New York (the "premises"). *See* Liguori Aff., Ex. "F" at ¶ 2. Intercepted telephone conversations revealed that Allegra was selling cocaine. Based upon information obtained from the wiretap, the DEA organized a raid on the premises. *See* Liguori Aff., Ex. "G". In conducting the raid, the DEA was assisted by officers from the Albany Police Department and the Town of Bethlehem Police Department.

On June 20, 1996, the DEA, with the Assistance of the Albany and Bethlehem Police Departments, raided the premises. As a result of the raid, plaintiff was arrested and charged with the violation of 21 U.S.C. § 844 (possession of a controlled substance). Plaintiff was arraigned, but the complaint against him was ultimately dismissed by the United States Attorney.

Plaintiff commenced the instant litigation in Supreme Court, Albany County on September 15, 1997 asserting causes of action pursuant to 42 U.S.C. § 1983 for deprivations of his rights under the Fifth and Fourteenth Amendments and a state law claim for assault. Plaintiff alleges that, during the raid, he "was assaulted and beaten brutally by . . . a police officer employed either by the Defendants, City of Albany and Albany City Police Department, or by the defendants, Town of Bethlehem and Bethlehem Town Police Department . . . causing him serious personal injuries and pain and suffering." Complaint, ¶ 15. Specifically, plaintiff claims that "on June 20, 1996 the Defendants' police officers unlawfully and maliciously assaulted and beat the Plaintiff and used unreasonable

force before and during the arrest of the Plaintiff. The Defendant officers hit the Plaintiff with a gun, and knocked him down to the ground causing him to hit his nose." Plaintiff's Apr. 9, 1998 Answers to Interrogs., ¶ 66. Plaintiff further asserts that "at no time, either in said residence or at any later time or place, did Plaintiff attempt to resist arrest or offer violence to any police officer employed by the Defendants." Complaint, ¶ 16.

Defendant Town of Bethlehem removed the lawsuit to this Court asserting federal question jurisdiction. Defendant City of Albany ("defendant") now moves pursuant to FED.R.CIV.P. 56 seeking dismissal of the Complaint against it in its entirety.

## II. DISCUSSION

### A. Summary Judgment Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, judgment may be entered in favor of the moving party if "there is no genuine issue as to any material fact and [ ] the moving party is entitled to judgment as a matter of law." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). On a motion for summary judgment, all facts must be construed in favor of the nonmoving party. *Id.; Buttry v. General Signal Corp.*, 68 F.3d 1488, 1492 (2d Cir.1995). Where the moving party has supported the motion by affidavits or documentary evidence, the non-movant "may not rest upon mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in [ ] rule [56], must set forth specific facts showing that there is a genuine issue [of material fact] for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." FED.R.CIV.P. 56(e); *see BellSouth Telecommunications, Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615

---

1. The following facts are taken from Defendant City of Albany's statement of material facts pursuant to N.D.N.Y.L.R. 7.1(a)(3), and are deemed admitted because plaintiff failed to file a response to the statement of material facts. *See* N.D.N.Y.L.R. 7.1(a)(3) (*"Any facts set forth in the* *Statement of Material Facts shall be deemed admitted unless specifically controverted by the opposing party."*) (emphasis in original). *See Costello v. Norton*, 1998 WL 743710, at *1 n. 2 (N.D.N.Y. Oct. 21, 1998).

**136**

(2d Cir.1996). With this standard in mind, the Court will now address defendant's motion for summary judgment.

## B. Whether Summary Judgment is Premature .

Plaintiff initially opposes defendant's motion for summary judgment on the ground that additional discovery is warranted. Plaintiff's counsel states in his affidavit that they have now identified the police officer who allegedly assaulted plaintiff and that:

10. It is our intention to request discovery of every reported incident and/or arrest, which occurred during the 5 years prior to the assault on the plaintiff, which involved a complaint of the use of excessive force in the apprehension of suspected criminals and/or bystanders. This request will also include a list of the Notice of Claims filed during that period and a list of any lawsuits that were served on the defendant, City of Albany, which alleged the use of excessive force in·the apprehension of suspected criminals and/or bystanders. Because of media coverage, cases this office investigated, the supporting Affidavit of ex-Albany police officer, Darrell Nicholson, ... and based upon pending cases of record, your deponent is confident that the list of occurrences will be extensive....

11. That once that information is obtained, together with copies of paperwork relative to each alleged occurrence, depositions of decision makers of the Albany Police Department and the City of Albany ... will be conducted to determine the training procedures that were implemented ... with respect to the use of force, what discipline was ordered for the police officers who were proven to have used excessive force ... what remedial measures were taken to see that excessive force did not reoccur, what the stated discipline police was for excessive force and whether the policy was strictly enforced....

12. That once this discovery process is completed, your deponent is confident that the required 'deliberate indifference' to the use of excessive force by the defendants'

decision makers ... will be produced for the Court to evaluate.

13. That to decide this motion at this stage of litigation without the completion of the required appropriate discovery ... would be unfair, unjust, and essentially deprive plaintiff of the protection of the laws which were created to address the serious injuries that the plaintiff has suffered.

Jan. 21, 1999 Spada Aff. ("Spada Aff."), at ¶¶ 10–13.

■ "Rule 56(f) states that when it appears that the party opposing a motion for summary judgment cannot 'present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit ... discovery to be had.' Thus, a party seeking such discovery must file an affidavit explaining (1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort the affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts." *Hudson River Sloop Clearwater, Inc. v. Dept. of the Navy*, 891 F.2d 414, 422 (2d Cir.1989) ("*Hudson*") (citing *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 926 (2d Cir.1985)); *see also Fitzgerald v. Henderson*, 36 F.Supp.2d 490, 496–97 (N.D.N.Y.1998); *Szarka v. Reynolds Metals Co.*, 17 F.Supp.2d 115, 121 (N.D.N.Y.1998). The party opposing summary judgment "must conclusively justify his entitlement to the shelter of Rule 56(f) by presenting specific facts explaining the inability to make a substantive response as required by Rule 56(e) and by specifically demonstrating 'how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'" *SEC v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir.1980) (quoting *Willmar Poultry Co. v. Morton–Norwich Prods., Inc.*, 520 F.2d 289, 297 (8th Cir.1975), *cert. denied,* 424 U.S. 915, 96 S.Ct. 1116, 47 L.Ed.2d 320, (1976)), *cert. denied,* 449 U.S. 1082, 101 S.Ct. 866, 66 L.Ed.2d 806 (1981).

The affidavit submitted by plaintiff's counsel satisfies the first two prongs of the *Hudson* test—it clearly sets forth what facts are sought, how they are to be obtained, and explains how those facts are reasonably expected to create a genuine issue of fact regarding municipal liability.

■ However, the affidavit fails the last two prongs of the *Hudson* test. Plaintiff and his attorney have presented no evidence that they made any effort to date to obtain the sought-after facts. Rather, the affidavit states that "now that the police officer who assaulted the plaintiff and his employer have been identified, it is our *intention* to request discovery." Spada Aff., at ¶ 10 (emphasis supplied). Although, plaintiff states that he did not identify the police officer and police agency responsible for using excessive force until October 9, 1998, he offers no explanation why he did not diligently pursue discovery immediately after identifying Fitzpatrick. In fact, as of February 4, 1999, plaintiff had served no further discovery demands upon the City of Albany, see Feb. 4, 1999 Liguori Aff., at ¶ 11, and the Court is not aware of any discovery demands made since that date. Plaintiff simply offers no explanation for the more than four month delay.

Plaintiff similarly does not explain why he could not have previously requested discovery of such information prior to identifying Fitzpatrick. The information sought—complaints of excessive use of force; Notices of Claims filed alleging excessive use of force; depositions of decision makers regarding training procedures; disciplinary and remedial measures taken in response to findings of use of excessive force; the disciplinary policy for excessive force; and the enforcement of any such disciplinary policy—is not dependent upon the identity of the particular police officer or police agency that was alleged to have used excessive force upon plaintiff. Plaintiff could have requested and

obtained discovery of such information long ago.

Furthermore, the Uniform Pretrial Scheduling Order provides that all discovery was "to be completed on or before February 28, 1999. Service of discovery requests must be made a sufficient number of days before this deadline to allow responses to be served before the cut-off." *See* N.D.N.Y.L.R. 16.1(e); 16.2. Thus, the time for discovery is over. Plaintiff has not submitted any evidence that it sought additional discovery from defendants prior to the cut-off date and plaintiff has not moved for leave of court to conduct discovery after the cut-off date.[2] Thus, plaintiff has failed to make the necessary showing that defendant's motion for summary judgment is premature. The Court will, therefore, address defendant's motion on the merits.

### C. Municipal Liability

Defendant moves to dismiss on the grounds that: (1) plaintiff has failed to allege any facts which support a claim for municipal liability under § 1983; and (2) the City of Albany cannot be held liable because, at all times relevant hereto, the police officers were agents and employees of the DEA.

Plaintiff responds that the Complaint clearly pleads that defendant had knowledge of improper conduct, training and inadequate discipline; that it deliberately and customarily ignored the problems; that media documentation, an affidavit from plaintiff's brother, and the Court's personal knowledge of "a long history of excessive force being utilized by Albany Police officers, *prior* to the incident involved in this case, coupled with defendants' deliberate refusal to adequately address the conduct, amounts to an express adaptation and ratification of those acts committed by the defendants' employees," and is sufficient to impose liability upon defendant pursuant to § 1983. Pl. Memo. of Law, at 5–6 (emphasis in original).[3]

---

2. N.D.N.Y.L.R. 16.2 provides that "[t]he discovery 'cut-off' is that date by which all responses to written discovery shall be due ... and by which all depositions shall be concluded.... Discovery requests that call for responses or scheduled depositions after the cut-off will not be enforce-

able except by order of the court for good cause shown."

3. The Court notes that plaintiff's papers do not comply with the requirements of N.D.N.Y.L.R. 10.1(a). Pursuant to that rule, all documents presented for filing should be, among other

■ It is well-settled that a municipality may not be held liable under § 1983 on a theory of *respondeat superior.* *Thomas v. Roach,* 165 F.3d 137, 145 (2d Cir.1999). On the other hand, "municipal· liability under § 1983 may be premised upon an officially promulgated policy; a custom or persistent practice; deliberately indifferent training that is the proximate cause of the violation of plaintiff's federally protected rights; or a single decision by an official with final decision-making authority." SECTION 1983 LITIGATION, CLAIMS AND DEFENSES, 3D ED., Martin A. Schwartz and John E. Kirklin, Vol. 1, § 7.6, at 21 (citations omitted); *see Roach,* 165 F.3d at 145; *DeCarlo v. Fry,* 141 F.3d 56, 61 (2d Cir.1998). For the reasons that follow, the Court concludes that plaintiff has failed to demonstrate any triable issues of fact regarding municipal liability and that defendant is entitled to summary judgment.

Plaintiff's Complaint alleges that:

22. [T]he Defendants knowingly, recklessly, or with gross negligence failed to instruct, supervise, control and discipline on a continuing basis Defendants' police officers in their duties to refrain from unlawfully and maliciously assaulting and beating a citizen or otherwise using unreasonable force before and during an arrest; and conspiring to violate the rights, privileges and immunities guaranteed to Plaintiff ... and otherwise depriving Plaintiff of his constitutional ... rights.

23. [T]he Defendants had knowledge or, had they diligently exercised their duties to instruct, supervise, control and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed, the Defendants had the power to prevent or to aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly or with gross negligence failed or refused to do so.

24. Defendants, direct or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct of Defendants' police officer heretofore described.

Compl., at ¶¶ 22–24.

Although the Complaint makes the necessary allegations of municipal liability, plaintiff has failed to proffer any facts, by affidavit or otherwise, demonstrating a genuine issue of material fact for trial regarding municipal liability. For example, in response to discovery demands, plaintiff stated that he will not rely upon any prior incidents of alleged police misconduct by named defendants, or by individuals other than named defendants, in support of his claims. *See* Ans. to Interrogs., at ¶¶ 73–74. Plaintiff further stated that, upon completion of discovery, he would supply defendant with the identity of each and every policy sought to be proven. Plaintiff has not provided the Court with any evidence of such policies.

Plaintiff did submit the affidavit of his brother, Darrell Nicholson, a former Albany Police officer, that states, in sum, that: numerous complaints of the use of excessive force were reported to the Albany Police Department; Albany City Police officers were trained with respect to the use of force "and basically stated that if force was required to subdue a suspect it should be used ... [and] that the use of force would serve as a warning to potential arrest subjects to not resist when involved with a police officer;" that police officers convicted in a court of law for using excessive force were disciplined; and that discipline could be as little as a reprimand. *See* Jan. 21, 1999 Aff. of Darrell Nicholson. The affidavit further states Darrell Nicholson's "understanding that the unspoken policy of the ... City .. concerning the use of excessive force ... was that by placing the fear of excessive force in the minds of suspected criminals, it would diminish the physical response of suspected criminals during arrests and ... minimal consequences would be suffered by offending officers." *Id.* This affidavit, standing alone, is insufficient to raise a tri-

things, double spaced. While the Court has the authority to reject documents that do not comply with the requirements contained in Rule 10.1(a), the Court will accept the papers in this case.

Plaintiff is advised, however, to ensure that all subsequent documents filed in this Court comply with the strictures of the local rules.

able issue of fact regarding any customs or policies because it demonstrates that the Albany Police Department trains its officers to use force only when necessary to subdue a suspect and that officers who use excessive force are disciplined.

The single incident alleged in the Complaint, without more, is insufficient to demonstrate a municipal policy or custom. *DeCarlo v. Fry,* 141 F.3d 56, 61 (2d Cir.1998). Plaintiff proffers no evidence, direct or circumstantial, " 'that the municipality so failed to train its employees as to display a deliberate indifference to the constitutional rights of those within its jurisdiction, or evidence that the municipality had notice of but repeatedly failed to make any meaningful investigation into charges' that its agents were violating citizens' constitutional rights." *Id.* at 61 (quoting *Ricciuti v. New York City Transit Auth.,* 941 F.2d 119, 123 (2d Cir.1991)); *see e.g. Thomas v. Roach,* 165 F.3d 137, 145 (2d Cir.1999).

Plaintiff has not provided the Court with sufficient factual information creating a triable issue of fact regarding any alleged customs or policies that caused a deprivation of his constitutional rights and, therefore, the § 1983 claims against defendant must be dismissed. *See Myers v. County of Orange,* 157 F.3d 66, 73 (2d Cir.1998) ("The critical question here is whether there is sufficient evidence in the record of [a] municipal policy, custom or practice, so that a jury could reasonably infer that the individual conduct in this case was causally connected to the policy.") (quoting *Gentile v. County of Suffolk,* 926 F.2d 142, 152 (2d Cir.1991)).

### D. State Law Claim of Assault

Defendant moves to dismiss the assault claim on the ground that it is barred by the applicable one year statute of limitations. *See* N.Y.C.P.L.R. § 215. Plaintiff did not respond to this aspect of defendant's motion and, thus, has seemingly abandoned this cause of action. Nonetheless, the alleged incident occurred on June 20, 1996 and the instant lawsuit was not commenced until September 1997, which is more than one year after the date of the occurrence. According-

ly, the assault claim is barred by the statute of limitations.

## III. CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is **GRANTED** and the Complaint against the City of Albany and the City of Albany Police Department is **DISMISSED.**

**IT IS SO ORDERED.**